IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        OPINION AND ORDER

        Plaintiff,

                        10-cv-132-bbc
                        07-cr-68-bbc

        v.

DION C. LAKE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Dion C. Lake has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, contending that he was denied the assistance of constitutionally effective counsel in this court and on appeal. His motion will be denied because he has failed to show that either his trial counsel or his appellate counsel was ineffective in any respect.

From the record, I find the following relevant facts.

RECORD FACTS

After defendant was charged in an indictment with three counts of distributing cocaine base (crack cocaine) in May 2007, Mark Maciolek was appointed to represent him.

1

Maciolek negotiated a plea agreement with the government for defendant, but before the plea hearing, Maciolek advised the court that he had discovered a possible conflict of interest that required him to withdraw as counsel for defendant.  In a hearing before the magistrate judge, Maciolek explained that he had just learned that the lawyer with whom he was sharing an office had previously represented a person named George Taylor, who might be called as a witness at defendant's sentencing.

The magistrate judge determined that no conflict was present, noting that Maciolek's office mate had not represented Taylor since the office sharing arrangement began, and that even if he had, no conflict would exist because the government had stated that it was not going to call Taylor as a witness at sentencing.

Defendant entered a plea of guilty to count three of the indictment on October 23, 2007.  Count three charged him with possession with intent to distribute; unlike count one, it did not charge him with distributing five grams or more of crack cocaine.  The probation office calculated that the amount of crack cocaine attributable to defendant was approximately 1,900 to 2,300 grams.  Of this amount, two witnesses, Derrick Garrett and Austin Quince, could account for 1,500 to 1,900 grams.

Before sentencing, defendant filed objections to the inclusion of the drug amounts vouched for by Austin and Quince, saying that he did not know either of these two men. The government was prepared to call both at the sentencing hearing, until defendant

withdrew his objections to their testimony shortly before sentencing, making it unnecessary for the government to call any witnesses on that point.  At the sentencing, Maciolek argued on defendant's behalf that the witnesses' drug estimates were not entirely credible and asked the court to find that the amount of drugs was lower than the probation office's estimate. He also argued that defendant's criminal history was overstated because much of it consisted of vehicular offenses.  I determined that a two level downward variance from the guidelines was appropriate, both because the criminal history was overstated and because I was not entirely persuaded that defendant was responsible for the entire 1,900 to 2,300 gram quantity of crack cocaine attributed to him.

     Defendant appealed and new counsel was appointed for him.  Counsel argued that this court had erred in finding that Maciolek did not have an actual conflict of interest and that defendant's sentence was unreasonable.  The court of appeals disagreed with both arguments.  It found that the arrangement between Maciolek and his office mate did not amount to an actual conflict of interest and, even if it did, defendant had not shown that any prejudice had flowed to him from the alleged conflict.  The court of appeals was not persuaded by the unreasonable sentence argument, finding that defendant had no clear rationale for it and that his sentence had been calculated properly under the factors set forth at 18 U.S.C. § 3553(a).

OPINION

Defendant argues now that both his trial counsel and his appellate counsel were ineffective in a variety of ways. As to trial counsel, he alleges that

(1) counsel did not conduct an investigation of the facts and legal issues of his case before advising defendant that he should accept the government's plea offer;

(2) counsel did not advise defendant to move to withdraw his plea of guilty after discovering an apparent conflict of interest;

(3) counsel failed to reveal to the district court facts supporting his motion to withdraw;

(4) counsel gave defendant erroneous advice about his possible sentence and the sentencing guidelines;

(5) counsel failed to object to the court's findings of fact on drug quantities;

(6) counsel did not offer evidence to challenge the drug quantities attributed to defendant by the probation office;

(7) counsel did not move for a downward departure on the ground that defendant's criminal history was overrepresented; and

(8) counsel failed to object to the criminal history calculations in the presentence report.

Defendant contends that his appellate counsel was constitutionally ineffective because

(9) he failed to argue on appeal that defendant should not have been sentenced for conduct to which he did not admit at the time he entered his guilty plea;

(10) he failed to argue that the district court had erred in not granting defendant a downward departure when defendant's criminal history overrepresented the likelihood of his re-offending; and

(11) he could have done a better job of presenting defendant's conflict of interest argument on appeal.

## A. Barred Claims

Defendant's motion for post conviction relief that seems to have been written by someone who knows little of the actual events in the case. For example, he argues that trial counsel was ineffective because he did not persuade the court to lower defendant's sentencing guideline range, when the record shows that counsel did exactly that. Counsel's argument persuade me to grant defendant a downward variance. This factual error disposes of arguments (7) and 8. It disposes of claim (10) as well because defendant cannot argue that appellate counsel was ineffective for not arguing that the district court had erred in not granting defendant a downward departure or variance, when the court did just that.

It is a waste of time to try to re-argue defendant's claims (2), (3) and (11), all of which relate to the alleged conflict of interest, because that issue has been resolved against

5

defendant definitively by the court of appeals. It is the law of the case that defendant's counsel never had a conflict of interest. Therefore, it could not have been ineffective representation not to advise defendant to move to withdraw his plea of guilty on that basis, to fail to reveal facts supporting the motion to withdraw or to do a better job of arguing the issue on appeal.

### B. Remaining Claims of Ineffectiveness

The test for constitutional ineffectiveness of counsel was established in Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court held that proving a lawyer ineffective requires a defendant to show that the lawyer's work fell below the lowest level of competence. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Merely showing that counsel erred in a few specific respects may not be enough to show incompetence; counsel's work must be evaluated as a whole. Id. at 690; see also Peoples v. United States, 403 F.3d 844, 848 (7th Cir. 2005) ("it is the overall deficient performance, rather than a specific failing, that constitutes" ineffectiveness). Even if a defendant can prove that his counsel was ineffective, he still must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

6

confidence in the outcome." Strickland, 466 U.S. at 694.

1. Failure to investigate-claim (1)

Defendant's first claim is that his counsel did not conduct an investigation of the facts and legal issues of his case before advising defendant that he should accept the government's plea offer. It is well settled law that mere unsupported assertions are not enough to persuade a court to hold an evidentiary hearing on such a claim, much less to grant a petition. Hardamon v. United States, 319 F.3d 943 ((7th Cir. 2003); Galbraith v. United States, 313 F.3d 1001 (7th Cir. 2002). The burdens of production and proof that fell on the government at a defendant's criminal trial shift entirely when the defendant files a post conviction motion. Then it is the defendant who must produce enough evidence to convince the court that he was convicted unconstitutionally.

Because it is the defendant's burden to make this showing, the Court of Appeals for the Seventh Circuit has held that before the district court is required to hold an evidentiary hearing on any post conviction issue, the defendant must file a detailed and specific affidavit showing that he has actual proof to support his allegations. Galbraith, 313 F.3d at 1009 (citing United States v. Prewitt, 83 F.3d 812, 820 (7th Cir. 1996)). When it comes to an allegation of an inept or incomplete investigation, a petitioner must provide the court "'sufficiently precise information, that is, a comprehensive showing as to what the

7

investigation would have produced.'"  Hardamon, 319 F.3d at 951(quoting United States ex rel. Simmons v. Gramley, 915 F.2d 1129, 1133 (7th Cir. 1990)).

Defendant has not explained in his petition how or in what manner his trial attorney failed to investigate the case.  He alleges that Austin or Quince were not credible witnesses, but he does not say why.  He says simply that if they had testified at the sentencing hearing, "there is a reasonable probability that [their] testimony would have been deemed uncredible for purposes of sentencing."  M., dkt. #68, exh. 2, at 11.  He adds that he "was a crack user and only 'de[a]lt' in the drug for the purposes of procuring it for himself."  Id.  His allegation and his characterization of himself do not constitute "the sufficiently precise information" defendant is required to allege before he can proceed on this claim of ineffectiveness.

2. Erroneous advice-claim (4)

Defendant contends that his trial counsel gave him erroneous advice about his possible sentence and the sentencing guidelines.  Among other things, counsel allegedly told defendant he would be subject to a sentence of life imprisonment without possibility of parole. This was not erroneous. Defendant had 18 criminal history points, putting him into the highest criminal history category of VI.  Had his base offense level been two levels higher than it was and had he not qualified for a three-point reduction for acceptance of

8

responsibility, his guideline range would have been 360 months to life. As it turned out, the amount for which he was held responsible was less than 4.5 kilograms, putting defendant at level 36 rather than 38, but when counsel was advising defendant on the pros and cons of a guilty plea, neither he nor defendant knew with any certainty what the final accounting of drug amounts would produce.

Defendant says that his trial counsel never went over the evidence against him or explained to him any defenses that might be available, but advised him that a guilty plea on count three would result in a sentence based on only the 0.104 gram of crack cocaine charged in that count. Defendant avers that he would not have entered a plea of guilty had he known that his sentence would be calculated on the basis of all of the crack he had dealt.

Again, defendant does not support his conclusory allegations about counsel's alleged shortcomings with any specific details. He does not identify any information counsel could have obtained that would have shown that the drug quantity was too high or that he was not guilty of drug dealing. In contrast, the presentence report listed twelve different individuals, not including George Taylor, all attesting to defendant's drug dealing.

As to defendant's averment that if counsel had told him that the court would be taking into consideration all of his drug dealing and not just that charged in count three, he would not have pleaded guilty, defendant fails to acknowledge that he was advised about the relevant conduct at his plea hearing and he said then that he understood this. Trans., dkt.

9

#47, at 5-6. Defendant is correct in saying that I did not tell him specifically that he would be responsible for between 1,917 to 2.295 grams of cocaine base, but it was not necessary to do that, even if it would have been possible at that stage of the proceedings. Defendant was told that all relevant conduct would be taken into account. I conclude that defendant has not shown that it is necessary to hold an evidentiary hearing on this claim of ineffectiveness.

3. Failure to challenge drug quantities attributed to defendant-claims (5) and (6)

Defendant alleges that his trial counsel failed to object to the court's findings of fact on drug quantities and did not offer evidence to challenge the drug quantities attributed to him by the probation office. Defendant is correct when he says that counsel did not offer evidence in opposition to the probation office's assessment of drug quantities, but wrong when he says that counsel did not object to the quantities. In fact, counsel did an adroit job of challenging the calculations without jeopardizing defendant's downward adjustment for acceptance of responsibility. As defendant acknowledges in his motion, counsel was concerned about preserving defendant's eligibility for a three-level reduction in his offense level (which, at defendant's level, amounted to an approximate 100-month swing at each end of the guideline range (235-293 months versus 324-405 months)).

As for defendant's apparent claim that his trial counsel did not put in evidence to

10

counter the government's evidence of defendant's drug dealing , he has not identified what evidence that might be. As I have noted repeatedly, it is not enough for defendant simply to allege that counsel could have done more to provide him effective representation. Defendant must show exactly what else counsel could have done. Mere conjecture that he could have done better does not suffice.

If defendant is objecting to the court's making the determination of drug amount, he is fighting a losing cause. The Supreme Court recognized in United States v. Booker, 543 U.S. 220 (2005), that a sentencing court can make findings about the facts that support the guidelines determination without violating the holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In making such findings, the sentencing court may use the preponderance of the evidence standard. E.g., United States v. Vitrano, 495 F.3d 387, 390 (7th Cir. 2007) ("Vitrano's claim that facts found at sentencing must be proven beyond a reasonable doubt is entirely without merit, as we have consistently held, and as the Supreme Court has recently underscored.") (citing Rita v. United States, 551 U.S. 338 (2007); United States v. Robinson, 435 F.3d 699, 701 (7th Cir. 2006); United States v. Dean, 414 F.3d 725, 730 (7th Cir. 2005)).

4. Ineffectiveness of appellate counsel- claim (9)

Defendant's last claim is that his appellate counsel was constitutionally ineffective because he failed to argue on appeal that defendant should not have been sentenced for conduct to which he did not admit at the time he entered his guilty plea. This claim fails for the reasons discussed above; it is not unconstitutional for the sentencing court to consider relevant conduct to which no objection is made the time of sentencing or that the court finds is more probably accurate than not.

C. Summary

Defendant has failed to show that he has any viable claim of ineffectiveness of counsel or that his conviction and sentence are illegal in any other respect. Accordingly, I must deny his motion for post conviction relief.

ORDER

IT IS ORDERED that defendant Dion C. Lake's motion for post conviction relief is DENIED. I decline to issue a certificate of appealability because reasonable jurists would not debate the correctness of the ruling in this case. Slack v. McDaniel, 529 U.S. 473, 484 (2000). If he wishes, petitioner may ask a circuit judge to issue the certificate under Fed. R.

App. P. 22(b).

    Entered this 17th day of May, 2010.

                                     BY THE COURT:
                                     /s/
                                     BARBARA B. CRABB
                                     District Judge